UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24063-GAYLES/TORRES

KAWS, INC.,

    *Plaintiff*,

v.

PRINITIFY, INC., JANIS BERDIGANS, and
JOHN DOES 1–10

    *Defendants*.

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

THIS MATTER is before the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for entry of an order, with the consent and agreement of Plaintiff KAWS, Inc. and Defendants Printify, Inc. and Janis Berdigans (collectively the "Parties"; each a "Party"), governing the disclosure and protection of the Parties' confidential, proprietary, and trade secret information. In order to facilitate discovery while preserving and maintaining the confidentiality of certain documents that the Parties believe will be produced in this matter, and in the interests of justice, it is hereby ORDERED by the Court that:

    1.    This Confidentiality Stipulation and Protective Order (this "Protective Order") shall govern the use, dissemination, and disclosure of all information, documents, or materials that are produced in this action and designated as "Confidential" or "Confidential Attorney Eyes Only."

    2.    This Protective Order does not alter any confidentiality obligations that any Party or non-Party may have at law or under another agreement.

    3.    Any Party or non-Party that produces documents in this action may, in good faith, designate as "Confidential" or "Confidential Attorney Eyes Only" any documents, interrogatory

answers, responses to requests for admission, deposition transcripts, documents marked as exhibits at any deposition, electronically stored information, or other written, recorded, graphic material, or information produced or disclosed in this litigation that the Party considers to be subject to this Protective Order (hereinafter the "Documents" or "Testimony").

4. The term "Confidential Information," as used in this Protective Order, shall mean all Documents and Testimony, and all information contained therein, that the Party or non-Party to this action who produces or supplies the Documents or Testimony (hereinafter, the "Designating Party" or the "Producing Party") reasonably believes in good faith constitutes or contains non-public proprietary, confidential, technical, business, financial, personal, or commercially sensitive information, or confidential information of third parties.

5. The term "Confidential Attorney Eyes Only Information" as used in this Protective Order shall mean all Documents and Testimony, and all information therein, that the Producing Party reasonably believes in good faith that disclosure of which, other than as permitted pursuant to this Protective Order, will create a likelihood of harm to the business, financial, personal, competitive, or commercial interests of the Designating Party a Third Party, is substantially likely to cause injury to the Designating Party or a Third Party, or otherwise would violate the legal rights of the Designating Party or a Third Party.

6. Nothing in this Protective Order shall limit the right of a Party to use Documents or Testimony that: (a) was lawfully in its possession prior to the initiation of this action; (b) was, is, or becomes public knowledge, not in violation of this Protective Order; (c) is acquired by the non-producing person from a third party who breached no legal obligation in providing the document(s) to the non-producing person; or (d) becomes declassified under this Protective Order.

The Parties shall not designate information as "Confidential" or "Confidential Attorney Eyes Only" for the purpose of interfering with the rights of the receiving Party to conduct discovery.

**Confidential Information and Confidential Attorney Eyes Only Information**

7. Any Producing Party may designate as "Confidential" or "Confidential Attorney Eyes Only" any such Documents or Testimony that it reasonably and in good faith believes (or with respect to documents received from another person, that it has been reasonably advised by such other person) constitutes or contains Confidential Information or Confidential Attorney Eyes Only Information under the terms of this Protective Order. Depositions may be designated as Confidential or Confidential Attorney Eyes Only by indicating that fact on the record at the deposition. In the event that they were not already designated "Confidential" and/or "Confidential Attorney Eyes Only" in whole or in part at the deposition, all depositions shall presumptively be treated as Confidential Information Attorneys Eyes Only and subject to this Protective Order during the deposition and for a period of twenty (20) days after the final transcript of the completed deposition is prepared and received by those counsel who ordered it. At or before the end of such period, the Producing Party shall identify those pages of the completed transcript that Producing Party deems to be Confidential or Confidential Attorney Eyes Only. Nothing in this paragraph, however, shall preclude any witness from reviewing his or her own deposition transcript. If, at the time the final transcript is received by those counsel who ordered it, a hearing is scheduled less than twenty (20) days after a deposition, then the twenty-day period referenced in this paragraph shall be reduced to a seven-day (7 day) period.

8. Counsel for the Producing Party shall have the right to exclude from oral deposition any person not authorized by this Order to receive information designated as Confidential or Confidential Attorneys Eyes Only, but such right of exclusion shall be applicable only during

periods of examination or testimony directed to or comprising Confidential or Confidential Attorneys Eyes Only information. The failure of such other persons to comply with a request of this type shall constitute justification for counsel to advise the witness that he or she need not answer the question until all present in the room are authorized to receive the information contained in the testimony.

9. Where reasonably practicable, the designation of Documents or Testimony as Confidential or Confidential Attorney Eyes Only for purposes of this Protective Order shall be made by marking every such page "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY." Such markings should not obliterate or obscure the content of the material that is produced. Where marking every page of such material is not reasonably practicable, such as with certain native file documents, a Producing Party may designate material as Confidential or Confidential Attorney Eyes Only by informing any receiving Party in writing in a clear and conspicuous manner at the time of production of such material that such material is designated as Confidential or Confidential Attorney Eyes Only. For testimony, each court reporter participating in any such deposition or testimony shall be provided with a copy of this Protective Order and shall adhere to its provisions. Each court reporter shall mark those portions (including exhibits) of such deposition or testimony transcript(s) (and where the deposition is videotaped, the relevant portions of the recording) with the legend "CONFIDENTIAL OR CONFIDENTIAL ATTORNEY EYES ONLY – DESIGNATED BY COUNSEL," and shall place on the cover of any such transcript(s) and recording(s) the following legend:

> THIS TRANSCRIPT CONTAINS MATERIALS WHICH ARE CLAIMED TO BE CONFIDENTIAL AND/OR CONFIDENTIAL ATTORNEY EYES ONLY AND COVERED BY A STIPULATED PROTECTIVE ORDER.

10. Confidential Information, and any and all information contained therein, shall be given, shown, made available, or communicated only to the following:

   a. The Court and its personnel in any judicial proceeding that may result from this action;

   b. The Parties' counsel and employees of such counsel assigned to and reasonably necessary to assist such counsel in this action;

   c. The named Parties, including any employees of the Parties to whom disclosure is reasonably necessary for the purpose of prosecuting, defending, or settling this action;

   d. Any consultant, investigator, or expert (collectively, "Expert") who is retained by a Party as an Expert for the purpose of prosecuting or defending this action, and who has signed a Declaration in the form provided as Exhibit A;

   e. Any person who is the author, addressee, or recipient of the document, or in the case of meeting minutes, an attendee of the meeting, or any other person who would have likely reviewed such document during his or her employment as a result of the substantive nature of his or her employment position (unless the person indicates that he or she did not have access to the document);

   f. Deposition witnesses during the course of their deposition testimony;

   g. For purposes of witness preparation, a deponent who was noticed for a deposition or a witness who is on a witness list for hearing or trial, in preparation for their noticed deposition, hearing, or trial testimony where such Confidential Information is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony, provided, however, that such Confidential Information can be shared with such person only in connection with preparation for the anticipated testimony, and the persons identified in this paragraph will not be permitted to retain copies of such Confidential Information and shall be required to sign a Declaration in the form provided as Exhibit A;

   h. Court reporters, stenographers, or videographers who transcribe or record testimony in connection with this action;

   i. Outside photocopying, graphic production services, or litigation support services (e.g., e-discovery vendors/contract review attorneys, trial/jury consultants), as reasonably necessary for use in connection with this

        action, and who have signed a Declaration in the form provided as Exhibit A;

    j. Mediators, arbitrators, or discovery masters retained by the Parties or assigned by this Court; and

    k. Any other person or entity to whom the Producing Party agrees, in writing, to allow access.

11. Unless or until the Parties or the Court determines how Confidential Attorney Eyes Only Information shall be used in this action, such Confidential Attorney Eyes Only Information and any all information contained therein shall be given, shown, made available, or communicated only to the following:

    a. The Court and its personnel in any judicial proceeding that may result from this action;

    b. The Parties' counsel and employees of such counsel assigned to and reasonably necessary to assist such counsel in this action;

    c. Any Expert who is retained by a Party as an Expert for the purpose of prosecuting or defending this action, and who has signed a Declaration in the form provided as Exhibit A;

    d. A deponent, prior to or in the course of a deposition in this action, if it appears that the deponent authored or received a copy of it, was involved in the subject matter described therein, or is employed by the Party who produced the information, document, or thing, or if the Producing Party consents to such disclosure, provided that such persons may be shown copies of designated material only during the course of preparation for or in the actual course of their deposition in this action, may not retain any designated material, and must be informed of the confidential nature of the materials;

    e. Any person indicated on the face of a document or accompanying cover letter, email, or other communication to the author, addressee, or an actual recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

    f. Court reporters, stenographers, or videographers who transcribe or record testimony in connection with this action;

6

      g.  Mediators, arbitrators, or discovery masters retained by the Parties or assigned by this Court; and

      h.  Outside photocopying, graphic production services, or litigation support services (e.g., e-discovery vendors/contract review attorneys, trial/jury consultants), as reasonably necessary for use in connection with this action, and who have signed a Declaration in the form provided as Exhibit A.

12.    If a Party wishes to disclose Confidential Information or Confidential Attorney Eyes Only Information to any person not described in paragraphs 9 or 10 of this Protective Order because outside counsel for the Party has determined, in good faith, that such disclosure is necessary for the prosecution or defense of this action, permission to so disclose must be requested from the Designating Party in writing.  If, within five (5) business days of the request for permission, the Designating Party objects in writing to the proposed disclosure, such disclosure shall not be made unless, upon motion by the Party requesting such permission, this Court orders otherwise.

13.    Counsel for the Parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential or Confidential Attorney Eyes Only pursuant to the terms of this Protective Order.  Prior to obtaining access to Confidential Information or Confidential Attorney Eyes Only Information, any person required by paragraphs 9 or 10 hereof to have signed a Declaration in the form provided as Exhibit A shall be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment attached hereto as Exhibit A.  Counsel for the Party obtaining a person's signature on the Confidentiality Acknowledgment attached hereto as Exhibit A shall retain the original signed acknowledgment or a copy thereof, and, if requested by the Designating Party, shall provide a copy of the signed acknowledgment to counsel for the Designating Party.

14. Where any Confidential Information or Confidential Attorney Eyes Only Information is included in any Court filing, such filing shall be filed pursuant to the Court's practices related to filing under seal. To give the Designating Party an opportunity to justify sealing the subject information, pursuant to the Local Rules and CM/ECF Policies and Procedures, the filing Party shall take all necessary steps to ensure that, in the first instance, any such Confidential Information, Confidential Attorney Eyes Only Information, or information derived from Confidential Information or Confidential Attorney Eyes Only Information will be filed under seal by the Court. Nothing herein shall prevent the Parties from providing courtesy copies of pleadings, briefs, or memoranda to the Court.

## General Provisions

15. Except to the extent expressly authorized in this Protective Order, Confidential Information and Confidential Attorney Eyes Only Information shall not be used or disclosed for any purpose other than the preparation of this case, any settlement discussions concerning this case, and any appeal of this case, subject to the provisions of this Protective Order. Under no circumstances can Confidential Information and Confidential Attorney Eyes Only Information be used in any matter, controversy, mediation, arbitration, or court action other than this action (or subsequent actions between the Parties or their affiliates arising out of or relating to similar conduct as alleged in this action).

16. Nothing in this Order shall preclude a Party from disclosing or offering into evidence at the time of trial or during a hearing any document or information designated as Confidential Information, subject to the rules of evidence and any other Party's objections to the admissibility or claims of confidentiality of the document or information. Upon the request of a Producing Party, the Court may take such measures, as it deems appropriate, to protect the claimed

confidential nature of the document or information sought to be admitted and to protect the Confidential Information or Confidential Attorney Eyes Only Information from disclosure to persons other than those identified in paragraphs 9 and 10 and who have signed Exhibit A, where necessary, under this Order.

17. Any summary, compilation, extract, notes, description, copy, electronic image, or database containing Confidential Information or Confidential Attorney Eyes Only Information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such summary, compilation, extract, notes, description, copy, electronic image, or database is made or derived.

18. The Designating Party bears the burden of establishing confidentiality. A Party shall not be obliged to challenge the propriety of a confidentiality designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Party to challenge the designation by a Producing Party of production materials as Confidential or Confidential Attorney Eyes Only during the discovery period shall not be a waiver of that Party's right to object. Any Party may object to the designation of a document as Confidential or Confidential Attorney Eyes Only by notifying the Designating Party in writing of that objection. The writing also must specify the Bates range or other identifying information corresponding to the beginning and end of each document subject to objection as well as the Bates number or other identifying information of the particular page or pages of such documents that actually contain the designated materials to which the objection is made. The Parties shall, within ten (10) business days of service of the written objection, confer concerning the objection. If the objection is not resolved, the objecting Party may, within twenty-one (21) days of the conference, but not later, attempt to resolve the dispute over the designation of the material

in a manner consistent with Judge Gayles' discovery procedures. Information subject to such a dispute shall be treated consistently with the designation unless and until ordered otherwise by the Court. With respect to any material that is re-designated or ceases to be subject to the protection of this Protective Order, the Designating Party shall, at its expense, provide to each Party which so requests additional copies thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the re-designation or have been removed as appropriate.

19. Except as otherwise provided in this Protective Order, in the event that additional persons or entities become Parties to this action, neither their outside counsel nor experts or consultants retained to assist said counsel shall have access to Confidential or Confidential Attorney Eyes Only material produced by or obtained from any other Producing Party until said party has executed and filed with the Court a copy of this Protective Order.

20. The Parties agree that any non-Party from whom discovery is sought in this action may obtain the protections of this Protective Order by giving written notice to the Parties that it intends to be bound by the provisions of this Protective Order and designating that its provision of discovery is subject to the Protective Order. The subpoenaing or requesting party shall advise non-Parties from whom they seek documents of the existence of this Protective Order and their right to obtain its protections. To the extent that any non-Party produces Documents or Testimony in this action that contains Confidential Information or Confidential Attorney Eyes Only Information of a Party to this action, that Party may designate such Documents or Testimony as Confidential or Confidential Attorney Eyes Only for purposes of this Protective Order by delivering written notice of such designation to the Parties at or before receipt by any counsel for the Parties of the non-Party's production of such Documents or Testimony.

      a. Nothing in this Protective Order precludes any Party or non-Party from seeking relief from the Court with regard to the production of documents or information.

      b. Except as expressly provided herein, this Protective Order does not expand, create, limit, or otherwise alter any rights any non-Party may have to seek relief from the Court under the Rules (including Rule 26(c)), the Local Rules, this Court's Individual Practices, or applicable case law to seek to protect Confidential Information or Confidential Attorneys Eyes Only Information after receiving notice from a Party of that Party's intended disclosure. Further, except as expressly provided herein, this Protective Order does not expand, create, limit or otherwise alter the rights any Party may have under the foregoing provisions to oppose any non-party request for relief on any ground.

21. A Party may upwardly designate any material produced by another Party or any non-Party (i.e., change the designation of any Discovery Material produced without a designation to a designation of "Confidential" or "Confidential Attorneys Eyes Only" or change the designation of any material produced as "Confidential" to a designation of "Confidential Attorneys Eyes Only"), provided that said Party has a basis under Paragraphs 4-5 of this Protective Order to so designate. Upward designation shall be accomplished by providing written notice to all Parties (and, if the material was produced by a non-Party, also to that person or entity) identifying (by Bates number or other individually identifiable information) the material to be upwardly designated. Thereafter, the upwardly designated material will be treated as Confidential Information or Confidential Attorneys Eyes Only Information in conformity with the new designation, and will be fully subject to this Protective Order from the date of such notice forward.

22. Nothing in this Protective Order shall be deemed to restrict in any manner the use by any Designating Party of any information in its own documents and materials.

23. If any Producing Party inadvertently fails to designate any information as Confidential or Confidential Attorney Eyes Only at the time of production or disclosure, that Producing Party shall not be deemed to have waived, in whole or in part, any claim to such

designation, either as to specific information disclosed or as to any other information on the same or related subject matter, provided that promptly after discovery of such omission, the Producing Party notifies all Parties in writing that such information constitutes or contains Confidential or Confidential Attorney Eyes Only Information.

24. If counsel for any Party receives notice of any subpoena or other compulsory process commanding production of Confidential Information or Confidential Attorney Eyes Only Information that a Party has obtained under the terms of this Protective Order, counsel for such Party shall notify the Designating Party in writing within five (5) business days of receipt of such subpoena or process and shall not produce such information until the Designating Party has had reasonable time to take appropriate steps to protect such information. It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance. In order to give the Designating Party an opportunity to obtain such relief, the Party from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

25. Nothing in this Protective Order shall be construed to require the disclosure of information, documents, or other tangible things that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. A Producing Party may produce a redacted version of information, documents, or things that it contends is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other identified, applicable privilege or immunity, personal information protected by relevant foreign laws (subject to paragraph K(1) of the Electronically Stored Information and Document Production Protocols), or sensitive Personal Identifying Information ("PII"), such as

social security numbers and medical information, identifying where the privileged or immune material was redacted with the designation "Redacted - Privileged."

26. The inadvertent production of any document or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, doctrine, or protection shall not constitute a waiver of any such privilege, doctrine, or protection.  Upon receipt of notice of such inadvertent production from the Producing Party, the receiving Party shall promptly either (a) return all copies of such document(s) to the Producing Party other than copies containing attorney notes or other attorney work product that may have been placed thereon by counsel for the receiving Party and shall destroy all copies of such documents that contain such notes or other attorney work product and (b) provide a written certification that it will cease further review, dissemination, and use of the subject document or information, or (c) apply to the Court for resolution if the Producing Party's claim of inadvertent production is disputed; however, the receiving Party may not use any of the information while the application to the Court is pending.

27. Nothing in this Protective Order shall be deemed to be a waiver of any Party's right to oppose production or admissibility of any information or documents on any ground, including without limitation, lack of timeliness of the request, lack of relevance, lack of materiality, as a privileged communication, as work product of counsel, as not calculated to lead to the discovery of admissible evidence, or as not proportional to the needs of this case.  The production subject to this Protective Order of Confidential Information or Confidential Attorney Eyes Only Information or documents containing Confidential Information or Confidential Attorney Eyes Only Information shall not be deemed a waiver of any objection to the admissibility of such information and such documents or their contents that may exist under any applicable Rules of Evidence.

28.     This Protective Order shall not preclude any Party or non-Party from seeking and obtaining from the Court additional protection with respect to the issues addressed in this Protective Order.  No Party or non-Party that has availed itself of the protections of this Protective Order may withhold information from discovery on the ground that it requires protection greater than that afforded by this Protective Order unless the Party or non-Party moves for an order providing such special protection.

29.     In the event that a receiving Party seeks to use Confidential Information or Confidential Attorney Eyes Only Information during any hearing before the Court, including through argument or the presentation of evidence, that is sealed or otherwise not open to the public, such information shall not lose its status as Confidential Information or Confidential Attorney Eyes Only Information through such use.

30.     The provisions of this Protective Order shall continue with respect to any Confidential Information and Confidential Attorney Eyes Only Information until expressly released by the Producing Party and shall survive the conclusion of a final order or judgment in this action. Unless the Parties agree otherwise, within sixty (60) days of the later of (i) entry of a final order and judgment in this action, or (ii) exhaustion of all appellate procedures following any appeal of a final order and judgment, upon a request by the Producing Party, all Parties and non-Parties shall return to the producing Party or covered entity, or shall destroy, all Confidential Information and Confidential Attorney Eyes Only Information, including all documents incorporating information from Confidential Information or Confidential Attorney Eyes Only Information, and all copies made thereof, including all documents or copies of documents provided by the party to any other person, except that: (i) counsel may retain for its records its work product and a copy of court filings, and (ii) a receiving person may retain the aforementioned materials

that are auto-archived or otherwise backed up on electronic management and communication systems or servers (including archives of sent or received emails), or as may be required for regulatory recordkeeping purposes; provided, however, that such retained documents shall continue to be treated as provided in this Protective Order. If a receiving person chooses to destroy, rather than return, documents in accordance with this paragraph, that receiving person shall, if requested, verify such destruction in writing to counsel for the Producing Party. Notwithstanding anything in this paragraph, to the extent that the information in the aforementioned materials remains confidential, the terms of this Protective Order shall remain binding.

31. The Court shall have continuing jurisdiction to modify, enforce, interpret, or rescind this Protective Order, notwithstanding the termination of this action.

32. This Protective Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing contained herein shall be construed or presented as a judicial determination that any specific document or item of information designated as Confidential or Confidential Attorney Eyes Only by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

33. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their respective clients in connection with this action, and in the course thereof, relying on examination of Confidential or Confidential Attorney Eyes Only material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

34. This Protective Order shall take effect when entered and shall be binding upon the counsel who signed below, their respective law firms, and their respective clients.

The foregoing Stipulation is hereby approved by the Court as a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers in Miami-Dade County, Florida this 11th day of March, 2024.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

The terms and form of this Confidentiality Stipulation and Protective Order are hereby consented to:

| | |
|---|---|
| By: */s/ James Lee* | By: */s/Dustin Taylor* |
| James Lee (FL Bar No. 67558) | Dustin Taylor |
| jwlee@bsfllp.com | **Husch Blackwell LLP** |
| Laselve Harrison (FL Bar No. 112537) | 1801 Wewatta St., Suite 1000 |
| lharrison@bsfllp.com | Denver, CO 80202 |
| Rossana Baeza (FL Bar No. 1007668) | Telephone: (303) 749-7200 |
| rbaeza@bsfllp.com | |
| **Boies Schiller Flexner LLP** | Rudolph Tehscher, Jr. |
| 100 SE 2nd Street, Suite 2800 | **Husch Blackwell LLP** |
| Miami, FL 33131 | 8001 Forsyth Boulevard, Suite 1500 |
| Telephone: (305) 357-8436 | St. Louis, MO 63105 |
| | Telephone: (314) 480-1500 |
| Katie Kavanaugh | |
| kkavanaugh@bsfllp.com | Kevin William Turbert |
| John Kucera* | **Husch Blackwell LLP** |
| jkucera@bsfllp.com | 1801 Pennsylvania Avenue, NW, Suite 1000 |
| Genesis Shin* | |
| gshin@bsfllp.com | Washington D.C. 10174 |
| **Boies Schiller Flexner LLP** | Telephone: (202) 378-2403 |
| 2029 Century Park East, 1520N | |
| Los Angeles, CA 90067 | Megan K. Bannigan |
| Telephone: (213) 629-9040 | Kathryn C. Saba |
| | Grace McLaughlin |
| Beko O. Reblitz-Richardson* | **Debevoise & Plimpton LLP** |

brichardson@bsfllp.com
**Boies Schiller Flexner LLP**
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Telephone: (415) 293-6800

*Application to appear pro hac vice forthcoming

***Attorneys for Plaintiff, KAWS, Inc.***

66 Hudson Boulevard
New York, New York, 10001
Telephone: (212) 909-6000

Christopher S. Ford
**Debevoise & Plimpton LLP**
650 California Street
San Francisco, CA 94108
Telephone: (415) 738-5700

***Attorneys for Defendants Printify, Inc. and Janis Berdigans***

## Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-cv-24063-GAYLES/TORRES**

KAWS, INC.,

    *Plaintiff*,

v.

PRINITIFY, INC., JANIS BERDIGANS, and JOHN DOES 1–10

    *Defendants*.

I, _____, being duly sworn on oath, state the following:

1. I have read and understand the Confidentiality Stipulation and Protective Order ("Protective Order") to which this Confidentiality Acknowledgment is attached, and I attest to my understanding that access to information designated "Confidential" or "Confidential Attorney Eyes Only" may be provided to me and that such access is pursuant to the terms, conditions, and restrictions of the Protective Order. I agree to be bound by the terms, conditions, and restrictions of the Protective Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Acknowledgment and the Protective Order.

2. I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential Information or Confidential Attorney Eyes Only Information. I also shall, within sixty (60) days after the conclusion of this action, including the exhaustion of all appeals, return or destroy all Confidential Information and Confidential Attorney Eyes Only Information provided to me in this litigation to counsel for the party that I represent. If I fail to abide by the terms of this Confidentiality Acknowledgment or the Protective Order, I understand that I may be subject

to sanctions under the contempt power of this Court, which includes the power to impose compensatory damages to remedy contemptuous conduct.

Dated: _____

_____
Signature

_____
Printed Name

_____

_____
Address

_____
Party Represented